SIGNED.

Dated: October 17, 2018

Paul Sala, Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry Order

### Hearing Information:

| | |
|---|---|
| **Debtor:** | RANDALL J OMDAHL |
| **Case Number:** | 2:18-BK-06407-BKM  **Chapter:** 7 |
| **Date / Time / Room:** | MONDAY, OCTOBER 15, 2018 01:30 PM   6TH FLOOR #601 |
| **Bankruptcy Judge:** | PAUL SALA |
| **Courtroom Clerk:** | CHRISTINA JOHNSON |
| **Reporter / ECR:** | LETICIA OROSCO |

### Matter:

PRO SE DEBTOR REAFFIRMATION AGREEMENT AND MOTION FOR COURT APPROVAL CREDITOR: MOUNTAIN AMERICA CREDIT UNION  FILED BY RANDALL J OMDAHL.

**R / M #:** 15 / 0

### Appearances:

RANDALL OMDAHL, DEBTOR
ANDREA WIMMER, FRIEND OF THE COURT

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry Order

(continue)...   2:18-BK-06407-BKM         MONDAY, OCTOBER 15, 2018 01:30 PM

## *Proceedings:*

Ms. Wimmer reviewed the terms of the loan.

COURT:    On August 30, 2018, Debtor Randall Omdahl entered into a reaffirmation agreement ("Reaffirmation Agreement") on a debt owed to Mountain America Credit Union (hereinafter referred to as "Creditor") and secured by a 2005 Ford Truck Explorer Sport (hereinafter referred to as "Collateral").

On October 15, 2018 at 1:30 PM, the Debtor appeared at a hearing on approval of the Reaffirmation Agreement. At the hearing, the Debtor informed the Court that he is current on his payments and that the Collateral is insured. After reviewing the Debtor's Statement of Intention and Schedules, including Schedules I and J, the Motion to Reaffirm and Proposed Reaffirmation Agreement, and after conducting a hearing on the Reaffirmation Agreement:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the Debtor's Motion to Approve the Reaffirmation Agreement is DENIED because the Court finds, based on the statement submitted by the Debtor in support of the Reaffirmation Agreement and Debtor's Schedules I and J, that it is not in the Debtor's best interest to reaffirm the debt and/or, to the extent applicable, the presumption of hardship under 11 U.S.C. § 524(m) has not been overcome by the Debtor.

2. The Debtor has, however, complied with the requirements of 11 U.S.C. §§ 362(h) and 521(a) by timely indicating his intent to reaffirm the debt and by entering into the Reaffirmation Agreement. Because the debtor has complied with the requirements of 11 U.S.C. §§ 362(h) and 521(a)(2), 11 U.S.C. § 521(d), which makes "ipso facto default" clauses enforceable, does not apply in this case. Accordingly, CREDITOR MAY NOT REPOSSESS THE COLLATERAL AFTER DEBTOR'S DISCHARGE IS ENTERED BASED SOLELY ON THE DEBTOR'S FILING OF HIS BANKRUPTCY CASE.

3. Because the Debtor has complied with the requirements of §§ 362(h) and 521(a)(2) and because he is current on his obligations to Creditor, Debtor may retain the Collateral so long as he continues to make timely voluntary payments and comply with the requirements of Creditor's loan documents ("Loan Documents").

4. If Debtor retains the Collateral, then to the extent possible within its system, Creditor is authorized to send monthly information statements concerning the debt to Debtor, and to continue accepting payments from the Debtor in the same manner as prior to the Debtor filing for bankruptcy. Acceptance of voluntary payments from the Debtor, pursuant to the terms of this order, is NOT a violation of 11 U.S.C. § 524(a)(2).

5. In the event that the Debtor retains the Collateral pursuant to paragraph 3 above, and thereafter defaults in the voluntary performance of any of the obligations required by the Loan

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry Order

(continue)... 2:18-BK-06407-BKM      MONDAY, OCTOBER 15, 2018 01:30 PM

Documents, Creditor may enforce its lien rights against the Collateral pursuant to applicable non-bankruptcy law. Such enforcement may include written, electronic, and/or telephonic communication to the Debtor to notify the Debtor of Creditor's intention to enforce its lien rights, including making a report of Debtor's default to credit agencies.

    6. Because the reaffirmation is denied, THE CREDITOR MAY NOT TAKE OR THREATEN TO TAKE ANY ACTION TO COLLECT ITS DEBT AS A PERSONAL LIABILITY OF THE DEBTOR. HOWEVER, COMPLIANCE WITH THE TERMS OF THIS ORDER IS NOT AN ATTEMPT TO COLLECT OR RECOVER ANY PRE-BANKRUPTCY DEBT AS A PERSONAL LIABILITY OF THE DEBTOR.

    IT IS FURTHER ORDERED that the Debtor's discharge should not be further delayed.

    Dated and signed above.

Copies to be mailed through the BNC to:

Randall Omdahl
Mountain America Credit Union

Page 3 of 3

Case 2:18-bk-06407-BKM    Doc 23    Filed 10/17/18    Entered 10/17/18 11:57:37    Desc
Main Document     Page 3 of 3     10/16/2018    2:15:30PM